920 F.2d 1039
 287 U.S.App.D.C. 245
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
TEL-CENTRAL OF JEFFERSON CITY, MISSOURI, INC., Petitioner,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents.
 No. 90-1030.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 19, 1990.
 
 Before MIKVA, HARRY T. EDWARDS and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This cause came to be heard on the petition for review of an order of the Federal Communications Commission, and was briefed and argued by counsel. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.R. 14(c). For the reasons stated in the accompanying memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the court, that the petition for review be denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15.
 
 MEMORANDUM
 
 4
 The grounds asserted by the petitioner, Tel-Central of Jefferson City, Missouri ("Tel-Central"), for review of the order issued by the Federal Communications Commission ("FCC") are without merit. First, there is nothing to support Tel-Central's claims that the FCC ignored any of its evidence concerning the billing dispute at the core of this action. Rather, it appears that the FCC fully considered all of Tel-Central's evidence and simply found it unpersuasive. Tel-Central had been offered all information that might be needed to substantiate the usage giving rise to the disputed charges and claimed to have the same information independently. Despite this access, the petitioner failed to come forward with any clear evidence that it actually paid for the usage listed in the disputed bills.
 
 
 5
 Second, the FCC reasonably construed the relevant tariff to find that United Telephone Company of Missouri was an "other participating carrier" and was authorized to disconnect Tel-Central's lines for nonpayment of charges. Cf. Diamond Int'l Corp. v. FCC, 627 F.2d 489, 492 (D.C.Cir.1980) (per curiam) (FCC's reasonable construction of tariff entitled to deference). Tel-Central was given adequate notice prior to the disconnection.
 
 
 6
 Finally, the agency acted well within its discretion in denying Tel-Central's requests for a full evidentiary hearing. Cf. Gencom, Inc. v. FCC, 832 F.2d 171, 181 (D.C.Cir.1987) (FCC enjoys broad discretion in determining when an evidentiary hearing is required).